# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALSHARIF L. SCRIVEN,** | Civil Action No. 17-7185 (SDW) |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **UNITED STATES,** | |
| **Respondent.** | |

IT APPEARING THAT:

1. On or about September 9, 2017, Petitioner, Alsharif L. Scriven, filed a motion to vacate his December 2015 conviction pursuant to 28 U.S.C. § 2255.  (ECF No. 1).

2. On September 28, 2017, this Court administratively terminated this matter as Petitioner had not filed his motion on the required form.  (ECF No. 2).

3. On or about October 19, 2017, Petition filed an amended motion to vacate sentence on the required form.  (ECF No. 3).

4. On October 26, 2017, this Court entered an order directing Petitioner to show cause why his amended motion should not be dismissed as time barred within thirty days.  (ECF No. 4).  Petitioner was informed in that order that failure to respond could result in the dismissal of his § 2255 motion with prejudice as time barred.  (*Id.*).

5. On November 27, 2017, Petitioner filed with the Court a letter requesting a forty-five day extension of time within which to respond to the show cause order.  (ECF No. 5).  This Court granted that request on November 30, 2017, and directed Petitioner to file his response within forty-five days.  (ECF No. 6).  Despite the passage of more than three months, Petitioner has not filed a response.  (ECF Docket Sheet).

6.  As this Court previously explained to Petitioner,

> this Court is required to review Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Pursuant to the rule, this Court is "authorized to dismiss summarily any habeas [motion] that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

> Motions brought pursuant to 28 U.S.C. are subject to a one year statute of limitations.  28 U.S.C. § 2255(f).  That limitation period begins to run from the latest of the following events: the date on which the Petitioner's conviction becomes final, which includes the time in which a Petitioner could have filed an appeal where he fails to do so, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); the date on which an impediment created by the Government is removed; the date on which the right asserted was first recognized by the Supreme Court where a new right has been recognized by the Court and made retroactive to cases on collateral review; or the date on which the facts supporting the claim first became discoverable through due diligence.  *See* 28 U.S.C. § 2255(f)(1)-(4).  As a criminal defendant must file his notice of appeal from his conviction within fourteen days, the conviction of a petitioner who fails to file a direct appeal becomes final for statute of limitations purposes fourteen days after his sentencing.  *See Johnson v. United States*, 590 F. App'x 176, 177 (3d Cir. 2014); *see also Kapral*, 166 F.3d at 577; Fed. R. App. P. 4(b)(1)(A)(i).

> In this matter, Petitioner pled guilty and was thereafter sentenced in December 2015, with his judgment of conviction being entered on December 3, 2015.  (ECF No. 3 at 1).  By his own admission, Petitioner did not appeal, (*see id.*), and his conviction therefore became final fourteen days later on December 17, 2015.  Thus, to the extent that his statute of limitations ran from the date on which his conviction became final, that limitations period expired as of December 17, 2016, some nine months before Petitioner filed his initial motion to vacate sentence.  Absent an alternate date for the running of the statute of limitations or equitable tolling, Petitioner's current motion is thus time barred.

> Equitable tolling "is a remedy which should be invoked 'only sparingly.'"  *United States v. Bass*, 268 F. App'x 196, 199 (3d

Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling in a § 2255 matter, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his amended motion to vacate sentence (ECF No. 3), Petitioner fails to provide the Court with any basis for finding that he is entitled to equitable tolling of the § 2255 limitations period, and this Court perceives no such basis from the face of the amended motion. As such, it appears from the amended motion that Petitioner's habeas petition is well and truly time barred by approximately nine months.

(ECF No. 4 at 1-3, internal paragraph numbers omitted).

7. As Petitioner has not responded to the Court's show cause order despite the passage of several months, because Petitioner's petition, absent equitable tolling, was filed more than nine months after the limitations period expired, and because this Court perceives no basis for the equitable tolling of the limitations period in this matter, the Court must conclude that Petitioner's § 2255 motion is well and truly time barred. Petitioner's amended § 2255 motion is therefore dismissed with prejudice as time barred.

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner's § 2255 motion is well and truly time barred and Petitioner has utterly failed to demonstrate any basis for equitable tolling, jurists of reason could not debate that this Court is correct in determining that his petition must be dismissed as untimely. A certificate of appealability is therefore denied.

    9. In conclusion, Petitioner's amended motion to vacate sentence (ECF No. 3) is DISMISSED WITH PREJUDICE as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: March 1, 2018               *s/ Susan D. Wigenton*
                                      Hon. Susan D. Wigenton,
                                      United States District Judge